## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHRISTOPHER D. K.,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**MARTIN O'MALLEY,** )<br>**Commissioner of the** )<br>**Social Security Administration,**[1] )<br>)<br>**Defendant.** ) | **Case No. 23-CV-077-CDL** |

## OPINION AND ORDER

Plaintiff seeks judicial review under 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security Administration (Commissioner) denying disability benefits. The parties have consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c)(1), (2). For the reasons set forth below, the Court **affirms** the Commissioner's decision.

### I.      Standard of Review

The Social Security Act (Act) provides disability insurance benefits to qualifying individuals who have a physical or mental disability. *See* 42 U.S.C. § 423. The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any

---

[1]      On December 20, 2023, Martin O'Malley was sworn in as the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), O'Malley is substituted as the defendant in this action. No further action need be taken by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." See *id.* § 423(d)(1)(A).

Judicial review of a Commissioner's disability determination "'is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence.'" *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citing *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1178 (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek v. Berryhill*, --- U.S. ---, 139 S.Ct. 1148, 1154 (2019). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Noreja*, 952 F.3d at 1178 (quoting *Grogan*, 399 F.3d at 1261-62). So long as supported by substantial evidence, the agency's factual findings are "conclusive." *Biestek*, 139 S.Ct. at 1152 (quoting 42 U.S.C. § 405(g)). The court may not reweigh the evidence or substitute its judgment for that of the agency. *Noreja*, 952 F.3d at 1178.

## II.   Procedural History

On October 27, 2020, plaintiff filed an application for supplemental security income. Plaintiff's alleged disability onset date was August 1, 2018.[2] In his initial

---

[2]     Because supplemental security income is not payable prior to the month following the month in which the application was filed, 20 C.F.R. § 416.335, the applicable period date for the purpose of the ALJ's decision and this appeal is October 27, 2020. (*See* R. 11).

application, plaintiff alleged disability due to a combination of physical and mental impairments. His alleged physical impairments include obesity, type II diabetes mellitus with bilateral retinopathy, and his alleged mental impairments are schizoaffective disorder, excoriation disorder, depressive disorder, personality disorder, cannabis use, panic disorder, and generalized anxiety disorder. Before the onset of his alleged disability, plaintiff worked as a security guard. (*See* R. 259). The Commissioner denied plaintiff's application on initial review and on reconsideration. (*See* R. 10). Plaintiff then requested a hearing before an Administrative Law Judge (ALJ).

The ALJ held a hearing by telephone on July 14, 2022. (*See* R. 10). Testimony was given by plaintiff and a Vocational Expert (VE). On July 14, 2022. (*See* R. 10). On August 29, 2022, the ALJ issued a decision denying disability benefits. (R. 30). On December 27, 2022, the Appeals Council denied plaintiff's request for review, which rendered the ALJ's decision the agency's final decision. (R. 1). Following the Appeals Council's denial, plaintiff filed a timely Complaint in this Court. (*See* Doc. 7). Accordingly, the Court has jurisdiction to review the ALJ's August 29, 2022, decision under 42 U.S.C. § 405(g).

## III.    The ALJ's Decision

The Commissioner uses a five-step, sequential process to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. At step two, the ALJ determines whether the claimant has an impairment or a combination of impairments that is severe. At step three, the ALJ determines whether the claimant's severe impairment or combination of impairments is equivalent to one that is listed in the

3

applicable regulation, which the Commissioner "acknowledges are so severe as to preclude substantial gainful activity." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (internal quotation and citation omitted); *see* 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpt. P, App'x 1 (Listings). At step four, the claimant must show that her impairment or combination of impairments prevents her from performing her previous work.

The claimant bears the burden on steps one through four. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). If the claimant satisfies this burden, thus establishing a prima facie case of disability, the burden of proof shifts to the Commissioner to show at step five that the claimant retains the capacity to perform other work available in the national economy, in light of the claimant's age, education, and work experience. *Id.*

Here, the ALJ determined at step one that plaintiff had not engaged in substantial gainful activity since his application date of October 27, 2020. (R. 12).  At step two, the ALJ determined that plaintiff has the following severe impairments: maculopathy, type 2 diabetes mellitus, excoriation disorder, depressive disorder, bipolar disorder, personality disorder, and cannabis use disorder. *Id.* The ALJ found that plaintiff's impairment of obesity is non-severe. (R. 13). He found the record does not establish a medically indeterminable impairment related to schizophrenia. *Id*. However, the ALJ found that plaintiff has symptoms from mental health impairments such as generalized anxiety disorder, major depressive disorder, schizoaffective disorder, and borderline personality disorder that could cause limitations. *Id.*  At step three, the ALJ found that plaintiff's physical and mental impairments do not meet or equal the criteria for any listing. *Id.*

4

The ALJ specifically noted plaintiff's maculopathy in connection with Listing 2.02 (pertaining to loss of central visual acuity) but found no evidence of the vision in the better eye, after best correction, to be 20/200 or less. *Id.* Next, the ALJ addressed plaintiff's diabetes mellitus, using Social Security Ruling (SSR) 14-2p, determining that plaintiff had conditions that are complications of diabetes mellitus, but the records did not document symptoms or conditions that met an applicable Listing. (R. 14). Further, the ALJ discussed plaintiff's substance use disorder under listing 12.00(I) and determined that plaintiff would not be disabled if the substance abuse stopped so the medical evidence did not meet the listing criteria.

Regarding mental impairments, the ALJ found that plaintiff's impairments do not meet or medically equal the criteria of Listings 12.00(I) (substance use disorders), 12.04 (Depressive, bipolar, and related disorders), 12.06 (Anxiety and obsessive-compulsive disorder), or 12.08 (Personality and impulse control disorders). *Id.* The ALJ discussed application of the "paragraph B" criteria—four areas of mental functioning used to determine whether a claimant's mental impairments functionally equal a Listing. (R. 14-15). The ALJ found that plaintiff has a moderate limitation in understanding, remembering, and applying information; a mild limitation in interacting with others; a moderate limitation in concentrating, persisting, and maintaining pace; and a mild limitation in his ability to adapt and manage himself. (R. 15-17). Because plaintiff does not have at least one extreme or two or more marked limitations, the ALJ found the paragraph B criteria are not satisfied. (R. 17). The ALJ also considered the "paragraph C" criteria (for "serious and persistent mental disorders," *see* Listing 12.00A(2)(c)) and determined that they are not present. *Id.*

5

At step four, the ALJ determined that plaintiff has the residual functional capacity

(RFC) to perform

> light work as defined in 20 CFR 416.967(b) with additional limitations. The
> [plaintiff] is able to lift, carry, push, or pull up to 10 pounds frequently and
> up to 20 pounds occasionally. He is able to sit up to six hours in an eight hour
> workday and is able to stand and/or walk up to six hours in an eight-hour
> workday. The job should not involve climbing ladders, ropes, or scaffolds; or
> work performed near unprotected heights or moving mechanical parts. The
> individual occasionally is able to perform work requiring near visual acuity,
> meaning clarity of vision at 20 inches or less. The job should not involve
> reading fine print, such as the print found in a newspaper or magazine. The
> job should not involve work tasks that are performed in dim lighting. The job
> should not require clear color vision or the ability to distinguish among
> various colored objects. The [plaintiff] is able to understand, remember, and
> perform simple tasks of one or two steps, with routine supervision. The
> [plaintiff] is able to sustain attention and concentration up to two hours at a
> time, when performing simple tasks of one or two steps. The [plaintiff] is
> able to sustain the mental demands associated with performing simple tasks
> of one to two steps. The [plaintiff] is able to interact appropriately with
> supervisors to receive work instructions. He is able to work in proximity to
> co-workers but the job should not involve teamwork or other work where
> close communication or cooperation with coworkers is needed in order to
> complete work tasks. The job should involve no more than ordinary and
> routine changes to work settings or work duties.

(R. 18).  In making this finding, the ALJ addressed plaintiff's hearing testimony and other

subjective statements as well as medical opinions, objective medical evidence, and prior

administrative medical findings in the record. (*See* R. 18-30).

Citing the VE's testimony as to a hypothetical person with plaintiff's RFC, the ALJ

found that plaintiff is unable to perform his past relevant work. (R. 29). The ALJ therefore

proceeded to step five. Based on the VE's testimony as to a hypothetical person with

plaintiff's age, education, work experience, and RFC, the ALJ found that plaintiff can

perform the requirements of representative occupations, including:

***Cleaner***, light exertion, unskilled, specific vocational preparation (SVP) level 2, Dictionary of Occupational Titles (DOT) # 323.687-014, with 125,000 jobs existing in the national economy;

***Nut and Bolt Assembler***, light exertion, unskilled, SVP level 2, DOT # 929.587-010, with 36,000 jobs existing in the national economy; and

***Quality Control Inspector***, light exertion, unskilled, SVP level 2, DOT # 922.687-042, with 10,000 jobs existing in the national economy.

(R. 29-30). The ALJ thus concluded at step five that plaintiff is not disabled. (R. 30).

## IV.   Discussion

Plaintiff argues that the ALJ's decision (1) failed at step five of the sequential evaluation process because of a reasoning level conflict; and (2) did not adequately consider medical source information in a manner consistent with the law. Defendant contends the ALJ's decision is supported by substantial evidence and is legally sound.

### A.   Step Five

Plaintiff asserts that one of the three alternative jobs the ALJ identified at step five, Quality Control Inspector, involves a reasoning level conflict because the job as described in the DOT involves reasoning level 2.[3] He argues that the demands of Level 2 reasoning conflict with the ALJ's RFC finding that plaintiff is limited to simple tasks of one or two steps. He argues that the ALJ therefore failed to accurately say exactly how many jobs were available.

The Commissioner argues that the Court need not address that issue, because the remaining jobs of cleaner and nut and bolt assembler exist in sufficient numbers to meet the Commissioner's step-five burden. Plaintiff does not dispute that a person of plaintiff's

---

[3]      The DOT assigns a reasoning level of 1 to the other two jobs identified at step five.

vocational profile and RFC could perform the jobs of cleaner and nut and bolt assembler. However, he contends that the Court may not properly substitute its own finding as to whether the remaining number of jobs is sufficient.

The Tenth Circuit has explained that "the issue of numerical significance entails many fact-specific considerations requiring individualized evaluation." *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004 (quoting *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992)). As such, generally, the Court should not supply a dispositive finding that the remaining two jobs represent a significant number sufficient to satisfy the Commissioner's step-five burden. *See Norris v. Barnhart*, 197 F. App'x 771, 777 (10th Cir. 2006) (remand appropriate where number of jobs is relatively few and it is not clear whether the ALJ found number of each job or collective number of jobs to constitute a significant number). However, it may be appropriate for the Court to make such a dispositive finding based on harmless error in the "exceptional circumstance, i.e., where, based on material the ALJ did at least consider . . ., we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen*, 357 F.3d at 1145; *see Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) (assuming without deciding that two of three jobs relied on by the ALJ were erroneous, the court found substantial evidence showed the claimant could do the third job, and the job existed in significant numbers in the national economy); *see also Johnson v. Comm'r, SSA*, 764 F. App'x 754, 761-62 (10th Cir. 2019) ("[G]iving Johnson the benefit of any doubt that the janitor job might involve concentrated exposure

to humidity, there were still a significant number of machine packager jobs in the national economy—178,000—that Johnson could perform.").

This exceptional circumstance is present here. Even assuming (without deciding) that Quality Control Inspector were eliminated, the remaining jobs of cleaner and nut and bolt assembler represent approximately 161,000 jobs nationally, according to the VE's testimony. The Tenth Circuit has not identified a "bright-line answer as to how many jobs are enough . . . to say, as a matter of law, that the number is significant," although it has noted that "the number appears to be somewhere between 100 . . . and 152,000." *Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016) (unpublished); *see also Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008).

Here, the VE gave undisputed testimony that at least 161,000 jobs are available to a person with plaintiff's vocational profile and RFC. This number exceeds the range identified by the Tenth Circuit in *Evans*. Given the undisputed evidence that 161,000 jobs would remain available, even if the third job were eliminated, "no reasonable administrative factfinder" could have concluded that the remaining jobs identified by the VE comprise an insufficient number of alternative jobs consistent with plaintiff's vocational profile and RFC. *Allen*, 357 F.3d at 1145. Accordingly, it is unnecessary to determine whether the plaintiff's RFC conflicts with level 2 reasoning, and remand is not warranted on this basis.

### B.    Medical Opinions and Prior Administrative Findings

Plaintiff argues that the ALJ failed to properly consider the prior administrative findings and consultative examiner's opinion relating to several limitations. For claims,

such as this one, filed on or after March 27, 2017, the Commissioner does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinions." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the ALJ must evaluate and "articulate . . . how persuasive [the ALJ] find[s] all of the medical opinions and all of the prior administrative medical findings" in a claimant's record. *Id.* §§ 404.1520c(b), 416.920c(b). The ALJ's decision must articulate how she considered the medical opinions or prior administrative medical findings from each medical source. *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1). The most important factors for the ALJ to consider are supportability and consistency, and the ALJ's decision must explain how she considered those factors in determining persuasiveness of a medical source's medical opinions or prior administrative medical findings. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).[4]

The ALJ must also consider the medical source's relationship with the claimant, specialization, and other factors, but the ALJ's decision is not required to specifically address those additional factors. *Id.* §§ 404.1520c(c), 416.920c(c). The ALJ must provide good reasons for the weight he ultimately assigns to each opinion. *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (citing 20 C.F.R. § 404.1527(d)(2)). The reasons must

---

[4]     The factor of supportability means a medical opinion is "more persuasive" when it is supported by "more relevant . . . objective medical evidence and supporting explanations." 20 C.F.R. § 404.1520c(c)(1). The factor of consistency means a medical opinion is "more persuasive" when it is "more consistent" with evidence "from other medical sources and nonmedical sources." *Id.* § 404.1520c(c)(2). The regulations state: "we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.... but are not required to[] explain how we considered the [other three] factors." *Id.* § 404.1520c(b)(2).

be specific enough to make clear to any subsequent reviewers the weight the ALJ assigned to the opinion and the reasons for that weight. *See id.* at 1300.

Plaintiff contends that the ALJ failed to properly discuss the factor of consistency regarding the opinions of the non-treating reviewing psychologists from the State agency, Jason Gunter, Ph.D. on initial review and Ryan Jones, Ph.D. on reconsideration. (Pl.'s Op. Br., Doc. 7 at 8). On initial review, Dr. Gunter found that plaintiff could perform simple one or two step tasks with routine supervision. (R. 27). As noted in the ALJ's decision, Dr. Gunter found that plaintiff could focus for two-hour periods with routine breaks, persist for an eight-hour workday and 40-hour workweek, interact appropriately with coworkers and supervisors for incidental work purposes, but should avoid contact with the public. (*Id.*). As the ALJ noted, the reviewing psychologist on reconsideration, Dr. Jones, did not make changes to Dr. Gunter's original assessment.

The ALJ found Dr. Jones's opinion (and, by implication, Dr. Gunter's identical opinion) somewhat persuasive because of Dr. Jones's expertise and review of the medical record. (*Id.*). However, the ALJ noted Dr. Jones did not have an opportunity to review the complete record. (*Id.*). After reviewing the complete medical record, the ALJ determined that the record supported greater limitations than were discussed in Dr. Gunter's opinion. (*Id.*). In support of that finding, the ALJ noted that consultative psychologist Alyssa Rippy, Ph.D. had opined that plaintiff would have difficulty relating to others and would have mild to moderate issues with concentration. (R. 27-28).

The plaintiff does not dispute that the ALJ discussed the "persuasiveness" of the prior administrative findings, in compliance with the regulations. However, plaintiff states

that the ALJ failed to discuss the consistency factor with respect to Dr. Gunter's and Dr. Jones's findings. (*Id*. at 9). Specifically, the plaintiff points out, correctly, that the ALJ's RFC determination failed to include a limitation on interacting with the public, which both Dr. Gunter and Dr. Jones adopted in their respective findings.

The Court agrees that the omission of this restriction is not adequately explained in the ALJ's decision. The defendant points to evidence that plaintiff was described as cooperative at his medical appointments, and that plaintiff reported that he lived with friends, had familial relationships, and went shopping in public places. The defendant also notes that the ALJ included social limitations in her hypothetical questions to the VE, who identified jobs despite those limitations. However, to the extent the ALJ rejected any limitation on interaction with the public, the ALJ failed to explain her reasons for doing so, and the Court cannot substitute its own reasoning for that of the ALJ. *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2004).

Nonetheless, in this instance, such a discrepancy does not warrant remand. Importantly, the ALJ's hypothetical questions to the VE *did* include a restriction that the job "should not involve interacting with the general public." (R. 67, 69). Thus, it appears likely that the omission of this restriction from the RFC determination as stated in the ALJ's decision was inadvertent. Regardless, however, the VE's testimony regarding alternative jobs, on which the ALJ relied in making his step-five findings, in fact incorporated a restriction on any interaction with the general public. Thus, even assuming the omission was intentional and the ALJ failed to adequately explain this departure from the state agency reviewers' opinions, remand to correct such an error would not result in a different

12

outcome. As such, remand is not warranted on this basis. *See Hendron v. Colvin*, 767 F.3d 951, 957 (10th Cir. 2014) (noting that ALJ's "failure to find explicitly that [claimant] was capable of sitting for six hours during a regular eight-hour work day was not critical to the outcome of this case").

The ALJ otherwise adequately explained how she considered the consistency of the prior administrative findings with other medical records. The ALJ noted that Dr. Jones did not have access to the complete record, and other evidence the ALJ reviewed supported greater limitations. (R. 27). The ALJ's decision also discussed the medical and nonmedical evidence in the record in detail, including plaintiff's subjective complaints and other mental examination findings, in the narrative explaining the RFC determination. Except for the lack of limitation on public interaction, as discussed above, the Court can readily follow the ALJ's reasoning, and the decision articulates in substance how the ALJ evaluated the consistency of Dr. Gunter's and Dr. Jones's findings with other evidence. Thus, the Court finds no reversible error as to the ALJ's discussion of this evidence. 20 C.F.R. § 416.920c(b); *see Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) ("Where, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal. In conducting our review, we should, indeed must, exercise common sense. The more comprehensive the ALJ's explanation, the easier our task; but we cannot insist on technical perfection.").

With respect to Dr. Rippy's consultative examination report, the ALJ found this opinion persuasive in part. The ALJ adopted RFC limitations consistent with Dr. Rippy's

opinion that plaintiff would have issues with work-related stress and adapting to a work environment. However, the ALJ rejected Dr. Rippy's opinion that plaintiff would have no difficulty understanding instructions, noting evidence in the record of his difficulty recalling information and getting mental health treatment. The ALJ emphasized plaintiff's auditory and visual hallucinations that were mentioned in the medical record. (R. 28).

The plaintiff objects to the extent the ALJ discounted Dr. Rippy's opinion that he would have significant difficulty interacting with others. The ALJ evaluated evidence in the record as it relates to plaintiff's social limitations. (R. 15, 19-20, 28). The ALJ determined this was not consistent with record evidence including treatment records consistently describing the plaintiff as cooperative and noting that he maintained eye contact. (R. 28).

Substantial evidence supports the ALJ's evaluation of Dr. Rippy's opinion. The ALJ considered that plaintiff lives with friends and often cares for his roommate's mother. (R. 19-20). She also considered that plaintiff admitted that he could go out alone, shopped in stores for groceries, and made small trips to the store. (R. 15).  After discussing the record, the ALJ concluded that the evidence showed plaintiff has the ability to work with some social limitations and that plaintiff can interact appropriately with supervisors to receive work instructions. However, the ALJ properly considered plaintiff's social limitations and found that plaintiff is unable to perform a job requiring teamwork or close communication with co-workers.

The ALJ properly considered Dr. Rippy's opinion. The ALJ reasonably evaluated the persuasiveness of Dr. Rippy's opinion based on the supportability and consistency

14

factors, analyzed where Dr. Rippy's opinion aligned with other medical evidence on the record, and noted relevant inconsistencies with other evidence. Accordingly, the ALJ did not commit reversible error in analyzing Dr. Rippy's opinion.

## V.      Conclusion

The undersigned finds that the ALJ's decision is supported by substantial evidence based on the applicable legal standards. Accordingly, the decision of the Commissioner finding plaintiff is not disabled is **affirmed.**

**SO ORDERED** this 31st day of March, 2024.

Christine D. Little
United States Magistrate Judge